IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RONALD SANDERS,**   *

    **Petitioner**   *

v.   *   Civ. No. DLB-22-1865

**H. ALLEN BEARD,**   *

    **Respondent**   *

## MEMORANDUM

On July 28, 2022, Ronald Sanders filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking the restoration of "Willis time credits." ECF 1, at 7. The respondent, Warden H. Allen Beard, filed a motion to dismiss, or in the alternative, for summary judgment, on November 28, 2022. ECF 10. Sanders filed an opposition, and Beard replied. ECF 14, 17.[1]

On May 19, 2023, the Court issued an order directing the Warden to provide an update on Sander's custody status. ECF 19. In a May 25, 2023 status report, the Warden stated that on "February 13, 2023, Petitioner Ronald Sanders was released from custody of the Federal Bureau of Prisons." ECF 20. The Warden provided Sanders's last known address after release from custody. *Id.* at 2. The Court issued an Order on July 7, 2023, providing Sanders 28 days within which to show cause as to why his petition, which sought the application of credits and thus an earlier release date, should not be dismissed as moot. ECF 22. The Order was sent to Sanders's last known address on July 7, 2023 and was not returned as undeliverable. Sanders has not responded to the Show Cause Order, and the time for doing so has lapsed

---

[1] The Clerk shall correct the spelling of Beard's name on the docket.

A claim is moot "[w]hen a . . . controversy ceases to exist—either due to a change in the facts or the law." *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017).  Mootness means the petitioner no longer has the legally recognized "personal interest" required for standing, and as a result, the Court no longer has subject matter jurisdiction. *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)); *see Powell v. McCormack*, 395 U.S. 486, 496 (1969); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015).  "[A]s a general rule, a prisoner's . . . release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009).

Here, Sanders asks that "288 days of Willis time credit . . . be reapplied to [his] federal sentence." ECF 1, at 7.  In his petition, he made clear that he wanted the application of the credits so that he could be released from custody. *Id*. at 19–22. The record now reflects that he was released from custody on February 13, 2023.  Because Sanders is no longer in the custody of the Bureau of Prisons, this Court cannot grant the relief requested.  Therefore, his petition is dismissed as moot.  Beard's motion to dismiss, or in the alternative for summary judgment, is denied as moot.  The Court makes no determination on the merits of Sanders's underlying arguments.

A separate Order follows.

August 10, 2023  
Date

_____  
Deborah L. Boardman  
United States District Judge